## BUHOLS. WIFE OF BOURGIGNON vs. BOU-DOUSQUIE.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. On the trial of this cause, which was a suit in relation to the boundaries of land owned by the parties, the plaintiff offered in evidence, a sale made twenty-three years ago, to the person under whom she claims.— The instrument offered was by public act, but was executed by an attorney in fact of the owner, whose authority to sell was evidenced by a power, *sous seing prive*, annexed to the conveyance. The defendant objected to an introduction of the bill of sale, unless the authority of the agent to make it was first proved. Of this opinion was the court, and the plaintiff excepted.

When possession has followed a sale made by an agent, for twenty years, his authority may be presumed.

The principle on which the objection was

Eastern Dist.
*June*, 1827.

BUHOLS
*vs.*
BOUDOUSQUIE

made and sustained is certainly correct, but we think, subject to an exception in cases like this. After possession for twenty-three years, a period of time sufficient to enable the purchaser to acquire by prescription against the owner, the instrument should have been permitted to go to the jury, leaving it to them, under the circumstances, to say whether his assent to the contract must not be presumed. The bill of sale was authentic. The possession was public and ancient. The case, therefore, comes completely within the instances put by the writers to illustrate the maxim, *Semper qui non prohibet aliquem pro se intervenire, mandare creditur. Digest, liv.* 50, *tit.* 17, *law* 50. *Pothier Contrat de Mandat, No.* 29 *&* 99. *Curia Phill. verbo factores, No.* 2.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the case be remanded, with directions to the judge *a quo* not to reject the deed from Foucher to Parant, although the plaintiff may not prove the authority of Andry to make it: and it is further ordered, that the appellee pay the costs of this appeal

*Ripley* and *Conrad* for the plaintiff, *Hen-* Eastern Dist.
June, 18 7,
*nen* for the defendant.